UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

LEROY REGAN,                            )
                                        )
                    Plaintiff,          )
                                        )
            v.                          )        No. 2:23-cv-00249-JPH-MKK
                                        )
ROGER JONES, et al.,                    )
                                        )
                    Defendants.         )

**ORDER ON DEFENDANT JONES' MOTION FOR SUMMARY JUDGMENT**

In this civil rights action, Plaintiff Leroy Regan alleges that Defendant Dr. Roger Jones violated his Eighth Amendment rights by failing to provide adequate medical care to his left hand. Mr. Regan is necessarily proceeding under the theory of liability established in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Dr. Jones has moved for summary judgment. Dkt. [30]. Dr. Jones has designated evidence that he is an independent contractor instead of a federal employee, and Mr. Regan has not contested that evidence, so Dr. Jones cannot be liable under *Bivens* and his motion is **GRANTED**.

### I.
### Standard of Review

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the

1

record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed. Fed. R. Civ. P. 56(e).

Plaintiff failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(b), (f) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show

that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021).

## II.
## Factual Background

Because Dr. Jones has moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Khungar*, 985 F.3d at 572–73.

Dr. Jones is a physician who provides care at the Federal Correctional Complex at Terre Haute (FCC Terre Haute). Dkt. 30-1 (Jones Affidavit). He is an independent contractor for Dymentum Health, LLC, which in turn contracts with the Federal Bureau of Prisons to provide medical care at the prison. *Id.* Because Mr. Regan has not responded to Dr. Jones's summary judgment motion, these facts "are admitted without controversy" under Local Rule 56-1(f). *See also* S.D. Ind. L.R. 56-1(e), (h); *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527–30 (7th Cir. 2020) (upholding the district court's application of Local Rule 56-1 and affirming summary judgment).

## III.
## Discussion

Dr. Jones argues that he's entitled to summary judgment because he cannot be sued under *Bivens* because he is an independent contractor. Neither a federal contractor nor an employee of a federal contractor can be sued for a constitutional violation under the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *See, e.g., Holz v. Terre*

*Haute Reg'l Hosp.*, 123 F. App'x 712, 713 (7th Cir. 2005) ("A *Bivens* claim cannot be brought against a private entity (or individual), even if it is a federal contractor."); *Minneci v. Pollard*, 565 U.S. 118 (2012) (declining to extend *Bivens* to private actors performing governmental functions for the purposes of *Bivens* liability).

Mr. Regan has not responded to Dr. Jones' motion, after three months to conduct limited discovery and file a brief in opposition. *See* dkts. 35, 36. The uncontested evidence in the record shows that Dr. Jones is an independent contractor. *See* dkt. 30-1 at 1 ("I have worked at FCC Terre Haute only in my capacity as an independent contractor with Dymentum Health, LLC"). Accordingly, he cannot be held liable under the theory set forth in *Bivens*, and he is entitled to summary judgment. *See Decker v. Jones*, et al, 2:23-cv-77-MPB-MG, dkt. 53 (granting Dr. Roger Jones' motion for summary judgment on identical grounds).

## IV. CONCLUSION

For the reasons discussed above, the motion for summary judgment filed by Dr. Jones, dkt. [30], is **GRANTED**.  The **clerk is directed** to terminate Dr. Jones from the docket. No partial judgment shall issue. The Court will issue its ruling on the United States' motion to dismiss in due course by separate order.

**SO ORDERED.**

Date: 8/28/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

All ECF-registered counsel of record via email

LEROY REGAN
47114-424
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808