UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

LEROY REGAN,                                    )
                                                )
                    Plaintiff,                  )
                                                )
         v.                                     )    No. 2:23-cv-00249-JPH-MKK
                                                )
UNITED STATES OF AMERICA,                       )
                                                )
                    Defendant.                  )

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS,
DENYING PLAINTIFF'S MOTION TO TRANSFER,
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Presently pending are Defendant's motion to dismiss and Plaintiff Leroy Regan's motion to reconsider, which the Court construes as a motion to transfer this action to an Indiana state court in lieu of dismissal. *See* dkts. 33, 39.  For the reasons below, Defendant's motion, dkt. [33], is **GRANTED**, and Mr. Regan's motion to transfer, dkt. [39], is **DENIED**.

**I.
Legal Standard**

Defendant alleges that this action is subject to dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Rule 12(b)(1) allows parties to challenge a pleading based on a lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). If the defendant makes a facial attack of the complaint, the well-pleaded facts are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. *Choice v. Kohn L. Firm, S.C.*, 77 F.4th 636, 638 (7th Cir. 2023).

1

"In contrast, a factual challenge lies where 'the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction.'" *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (quoting *United Phospohrus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003)) (emphasis in original). If the defendant makes a factual attack, "the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue,* 536 F.3d 651, 656-57 (7th Cir. 2008) (cleaned up). "[T]he district court's ability to consider evidence beyond the pleadings derives from the importance of limiting federal jurisdiction." *Apex,* 572 F.3d at 444. Once a defendant proffers evidence that calls a plaintiff's standing into question, "the presumption of correctness that we accord to a complaint's allegations falls away, and the plaintiff bears the burden of coming forward with competent proof that standing exists[.]" *Id.* (cleaned up).

**II.**
**Background**

Mr. Regan named three defendants in his complaint: (1) Dr. Roger Jones, in his individual and official capacities; (2) USP Terre Haute F.B.O.P. Health Service Dept. Real Party; and (3) United States of America.  Dkt. 1.  In his complaint, he alleges that Dr. Jones failed to provide adequate medical care for his left hand.  *Id.* at 2–4.  Specifically, he alleges that Dr. Jones misdiagnosed the cause of pain and performed an unnecessary surgery on his hand that

caused him increased pain and swelling. *Id.* at 3. He further alleges that Dr. Jones and the U.S.P. Health Services Department failed to provide him proper post-surgical care, resulting in permanent nerve pain and loss of mobility in his hand. He seeks monetary damages. In its Screening Order, the Court allowed Mr. Regan's complaint to proceed on a *Bivens* claim for damages against Dr. Jones based on the allegations that Dr. Jones was deliberately indifferent to Mr. Regan's serious medical condition, and FTCA claims for negligence and medical malpractice against the United States.[1] Dkt. 14 at 5.

Subsequently, Dr. Jones filed a motion for summary judgment on the grounds that he is an independent contractor and not a federal employee and therefore cannot be held liable under the theory set forth in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Dkt. 30. Mr. Regan did not respond. Because the uncontested evidence in the record showed that Dr. Jones is an independent contractor, the Court granted his unopposed motion for summary judgment. Dkt. 38; *see also* dkt. 30-1 at 1 ("I have worked at FCC Terre Haute only in my capacity as an independent contractor with Dymentum Health, LLC"); *Decker v. Jones*, 2:23-cv-77-MPB-MG, dkt. 53 (granting Dr. Roger Jones' motion for summary judgment on identical grounds).

---

[1] Because the only proper defendant in an action pursuant to the FTCA is the United States itself, *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982), any FTCA claims against the USP Health Services Department or official-capacity claims against Dr. Jones were dismissed.

The United States has filed a motion to dismiss for lack of jurisdiction based on sovereign immunity.  Dkt. 33.  Mr. Regan did not respond to the motion to dismiss, despite the fact that he was provided "leave to conduct limited discovery as to the issue of whether Dr. Jones was a federal employee at the relevant times." Dkt. 36 at 1.

### III.
### Discussion

The doctrine of sovereign immunity is a "jurisdictional bar"[2] that "operates when a suit threatens to impose upon the United States liability for money or property damages."  *United States v. Rural Elec. Convenience Coop.*, 922 F.2d 429, 434 (7th Cir. 1991); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").  The Federal Tort Claims Act ("FTCA") "is a limited waiver of the United States' sovereign immunity." *Ludwig v. United States*, 21 F.4th 929, 931 (7th Cir. 2021) (citing 28 U.S.C. § 1346(b)).  The waiver only extends, however, to torts "committed by federal employees." *Meyer*, 510 U.S. at 475.  Thus, "the plaintiff must show, among other things, that his injury was caused by an 'employee of the Government.'" *Talignani v. United States*, 26 F.4th 379, 381 (7th Cir. 2022) (quoting § 1346(b)). "[F]ailure to establish any

---

[2] Last month, the Seventh Circuit acknowledged "some ambiguity" about whether sovereign immunity is a limit on subject-matter jurisdiction. *Morgan v. Fed. Bureau of Prisons*, 129 F.4th 1043, 1050 (7th Cir. 2025).  Like the Seventh Circuit, this Court does not resolve that ambiguity because "the importance of sovereign immunity for this case is settled"—if it applies, Mr. Regan "cannot obtain damages." *Id.*

element" of an FTCA claim "eliminates the basis for subject matter

jurisdiction." *Id.*

Here, the only individual named in Mr. Regan's complaint is Dr. Jones,

and the Court has determined that he is not a federal employee. *See* dkt. 38 at

4 (order on Defendant Jones's motion for summary judgment).  Indeed, the

Court granted Mr. Regan time to conduct discovery on that question, but he

did not respond to either the motion to dismiss or the summary-judgment

motion.  *See* dkt. 36.  Accordingly, Mr. Regan's FTCA claims against the United

States—the only remaining defendant[3]—are prohibited by sovereign immunity.

*See Talignani*, 26 F.4th at 386-87 (affirming grant of summary judgment in

surgeon's favor who contracted with Department of Veterans Affairs to conduct

surgery at non-VA hospital); *Qualico v. Kaplan*, 749 F.2d 480, (7th Cir. 1984)

(concluding that physicians and surgeons appointed to VA on a temporary

basis were contractors and not federal employees and were therefore immune

from liability under the FTCA); *Krembel v. United States*, 837 F. App'x 943, (4th

Cir. Dec. 1, 2020) (finding that scheduler who was employed by University of

Massachusetts Medical School but contracted with BOP to schedule surgeries

for inmates was an independent contractor immune from liability under FTCA).

That leaves only Mr. Regan's "motion for reconsideration of judgment,"

which the Court construes as a motion to transfer because the Court has not

---

[3] The Court's screening order dismissed any claims against the USP Health Services
Department "because the only proper defendant in an action pursuant to the FTCA is
the United States itself[.]"  Dkt. 14 at 5 (citing *Hughes v. United States,* 701 F.2d 56,
58 (7th Cir. 1982)).  Accordingly, the **clerk is directed** to terminate that party on the
docket.

entered judgment and because Mr. Regan requests that this case be transferred to state court. Dkt. 39. In that motion, Mr. Regan alleges that he had filed a response in opposition to the motion to dismiss. *Id.* at 1–2. There is no response in the record, however, and Mr. Regan has made no filings in this case since his motion to reconsider in September 2024. *See Shaffer v. Lashbrook*, 962 F.3d 313, 317 (7th Cir. 2020). Regardless, Mr. Regan explains what his response in opposition requested—that, as an alternative to dismissal, the Court "transfer his case to the appropriate State Court." *See* dkt. 39 at 2; 3 ("[P]laintiff's primary reasons for [this motion] is to have this Court assume jurisdiction or transfer this case to the appropriate State Court for adjudication."). But Mr. Regan initiated his action in this Court; the action was not removed here from any state court. *See* dkt. 1. Accordingly, there is no prior state court to which the Court can remand this action. To the extent that Mr. Regan wishes to pursue this action in state court, he must initiate a new state court action to do so.

## IV.
## Conclusion

For the reasons above, Defendant's motion to dismiss, dkt. [33], is **GRANTED**, and Mr. Regan's motion to transfer this action to Indiana state court, dkt. [39], is **DENIED**. Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 3/21/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

All ECF-registered counsel of record via email

LEROY REGAN
47114-424
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808